## Wilson v. Dulin et al.

(Decided May 20, 1930.)

THOS. P. COOK and M. D. GRUBBS for appellant.

S. P. WHITE and A. H. CLARK for appellees.

Opinion of the Court by Commissioner Stanley— Reversing.

An execution issuing on a judgment in favor of the appellant, J. F. Wilson, against the appellees F. F. Dulin and Andrew Dulin, colored, was on October 21, 1927, levied on a one-eyed red mule 16 years old, subject to a mortgage and "any interest" in a 15-acre crop of tobacco which the defendants owned. This suit was filed against the Dulins, the owner of the mortgage on the mule, and Dr. O. L. Barnes, seeking the enforcement of the execution liens and alleging that Dr. Barnes was claiming that he had purchased the tobacco crop prior to the levy of the execution. It was appropriately charged that, if there had been such a sale and purchase, it was void because made with the fraudulent intent to defraud the creditors of the Dulins, or that it was done in order to prefer Dr. Barnes to the exclusion of other creditors in contemplation of the insolvency of the vendors. The Dulins did not answer the petition, but Dr. Barnes denied its allegations with reference to himself.

The old red mule has walked out of the picture, and he may be left where he is without being further disturbed.

The colored defendants own considerable land, all of which is mortgaged for more than it is worth. Dr. Barnes had a mortgage for about $3,500 on one farm. It appears that he has been financing them for several years, and, in a settlement made on December 1, 1926, they executed to him a note for $500. The conclusion which we gather from the evidence is that before July 30, 1927, the Dulins sought further assistance and desired an advancement on their growing crop and to give a mortgage on it to secure Dr. Barnes. He agreed to buy the crop rather than to take the mortgage and at the same time through that method collect his note. On that day, which was the day after the appellant's suit was filed on his claim against the Dulins, a writing was signed by which the tobacco crop was sold to Barnes in considera-

tion of the surrender of this $500 note and the further sum of $200 to be paid in installments from time to time to the Dulins; they agreeing to complete the cultivation and to get the tobacco ready for the market. The $200 was paid in accordance with this agreement, and the tobacco was sold on the market in Dr. Barnes' name. There were 6,365 pounds sold for Dr. Barnes, and it yielded $1,309.19. It would appear that all of this was the Dulin crop, but the record as to that is not very clear.

Dr. Barnes admits his knowledge of the insolvency of the parties, and says that he knew they owed other debts which would likely give him trouble. It is clear to us that this transaction came within the prohibition of section 1910, of the Statutes, and was preferential to the extent of the antecedent debt, but Dr. Barnes is entitled to a lien for the $200 which he paid to the Dulins after the date of the sale.

The judgment is reversed for consistent proceedings.